UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___5/12/2020___
```

-------------------------------------------------------------------X
SHERIF RIZK,                                          :
                                                     :
                              Petitioner,            :
                                                     :                18-CV-204 (VEC)
          -against-                                  :
                                                     :                ORDER
JEFFREY TEDFORD, Superintendent,                     :
Adirondack Correctional Facility,                    :
                                                     :
                              Respondent.            :
                                                     :
-------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

      Petitioner Sherif Rizk filed a petition for a writ of habeas corpus on January 10, 2018,

pursuant to 28 U.S.C. § 2254 (the "Petition").  (Dkt. 1).  The Court referred this action to

Magistrate Judge Parker for the preparation of a report and recommendation pursuant to 28

U.S.C. § 636(b).  (Dkt. 6).  On August 26, 2019, Judge Parker issued her Report and

Recommendation (the "R&R") recommending that the Petition be denied.  (Dkt. 18).  Rizk has

filed a timely objection to the R&R.  (Dkt. 23).  For the following reasons, the Court ADOPTS

the R&R with minimal modifications, and the Petition is DENIED.

### DISCUSSION

      In reviewing a report and recommendation, a district court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28

U.S.C. § 636(b)(1)(C).  When specific objections are made, "[t]he district judge must determine

*de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed.

R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  To warrant

*de novo* review, however, the objections must be "specific and . . . address only those portions of

the proposed findings to which the party objects." *Pineda v. Masonry Constr., Inc.*, 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011) (quotations and citations omitted). If a party's objections "are conclusory or general, or simply reiterate original arguments," or the party does not object to certain dispositions, the court reviews for clear error. *Id.*; *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012).

Rizk raised four claims in his Petition: (1) prosecutorial misconduct from inflammatory and baseless questions to a character witness, (2) *Brady* violations, (3) insufficient evidence to sustain a conviction, and (4) deprivation of a fair trial from cumulative erroneous evidentiary rulings. Judge Parker recommended dismissing the four claims on various bases, including exhaustion, independent and adequate state-law grounds, and on the merits. Rizk has objected to the R&R's recommended dismissal of his first claim, *see* Obj. (Dkt. 23), and the State has opposed, *see* Opp. Obj. (Dkt. 24). The Court overrules Rizk's objection and finds no clear error in the remainder of the R&R.[1]

Rizk's objection concerns the R&R's finding that independent and adequate state grounds bar his prosecutorial misconduct claim. Although the prosecution erroneously implied in its cross-examination of a character witness that Rizk had taken videos of himself and his friends abusing a homeless person, the Appellate Division ruled that the trial judge's "curative instructions were sufficient to alleviate any prejudice to defendant, and his defense counsel did not make an immediate application seeking further or more complete instructions." *People v. Rizk*, 146 A.D.3d 523, 524 (N.Y. App. Div. 2017) (citing *People v. Santiago*, 52 N.Y.2d 865,

---

[1]     Although Rizk represents that he "has been released from prison and his post-release supervision is expected to conclude in March 2020," Obj. at 1, as of May 2020, neither party has moved to dismiss the Petition as moot. The Court will continue to exercise jurisdiction over the Petition because Rizk seeks to vacate his conviction and the "possibility of impeachment in a future criminal proceeding [as a result of his prior conviction] presents a sufficient continuing collateral consequence to satisfy the requirements of a live case or controversy." *Nowakowski v. New York*, 835 F.3d 210, 226 (2d Cir. 2016).

866 (1981)).  Judge Parker found that Rizk's failure to preserve for appeal the issue of the

sufficiency of the curative instructions under New York's "contemporaneous objection rule"

constitutes an independent and adequate state ground precluding federal habeas review.  R&R at

14–15.

The Court agrees with Judge Parker and finds that Petitioner's claim is barred on

independent and adequate state grounds.  Rizk's objection is meritless because it is directed to

the Appellate Division's application of the contemporaneous objection rule, not Judge Parker's

determination that the Appellate Division's ruling was an independent and adequate state

ground.  *See* Obj. at 9–14.  As discussed in the R&R, the Appellate Division found that Rizk's

failure to seek further or more complete instruction precluded him from challenging the

adequacy of the instruction that was given to cure any prejudice.  *See Rizk*, 146 A.D.3d at 524

(citing *Santiago*, 52 N.Y.2d at 866).  Without preserving the issue of prejudice, Rizk's

prosecutorial misconduct claim was a non-starter.  *See Darden v. Wainwright*, 477 U.S. 168, 181

(1986) ("The relevant question is whether the prosecutors' comments so infected the trial with

unfairness as to make the resulting conviction a denial of due process." (quotation omitted)); *see,*

*e.g.*, *Thompson v. Yelich*, No. 09-CV-5039, 2011 WL 9523319, at *6 (E.D.N.Y. May 31, 2011),

*R. & R. adopted*, 2012 WL 5904359 (E.D.N.Y. Nov. 26, 2012) (finding prosecutorial-

misconduct claim procedurally barred when Appellate Division held that objections to curative

instructions, among other appealed errors, were unpreserved for review).

This Court cannot disturb the Appellate Division's ruling or excuse Rizk's procedural

default.  There is no basis for finding that the Appellate Division's ruling was an "'exorbitant'

misapplication[] of state law that serve[d] no legitimate state interest."  *Watson v. Superintendent*

*of Five Points Corr. Facility*, No. 18-CV-835, 2019 WL 1508958, at *2 (S.D.N.Y. Apr. 5, 2019)

(quoting *Downs v. Lape*, 657 F.3d 97, 104 (2d Cir. 2011)).  The Court further agrees with Judge Parker that Rizk has demonstrated neither "cause" nor "prejudice" to excuse his procedural default, *see* R&R 17–19; accordingly, the Court must also reject Rizk's terse objection to those findings, *see* Obj. at 9.[2]

After careful review of the remainder of the R&R, the Court finds no clear error, and adopts the R&R in full with the one exception indicated in note 2, above.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.  The Court declines to issue a certificate of appealability.  Petitioner has not made a substantial showing of a denial of a federal right pursuant to 28 U.S.C. § 2253(c), and appellate review is therefore not warranted.  *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005).  The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and

---

[2]    Judge Parker also found a second state ground barring habeas review in the Appellate Division's ruling that the witness's answer to the prosecutor's improper question was harmless "non-constitutional" error, observing that the Appellate Division applied the state "significant probability" standard.  R&R at 15–16 (citing *Rizk*, 146 A.D.3d at 524, and discussing *Gutierrez v. McGinnis*, 389 F.3d 300 (2d Cir. 2004)).  Rizk again challenges the Appellate Division's application of this rule rather than the R&R's determination that it forms an independent and adequate state ground.  *See* Obj. at 5–8.  Rizk also argues that the Appellate Division's "determination to apply the state law 'significant probability' standard is itself cause to trigger *habeas* review in this matter since the cumulative effect of the errors during trial result [sic] in a constitutional violation when the error is examined against the evidence of guilt."  Obj. at 8.  This argument merely repackages his third and fourth claims, and the Court finds no error in the R&R's disposition of those claims.  In any event, the Court declines to address the unnecessary and apparently novel question whether the Appellate Division's application of the state's harmless error rule for non-constitutional error constitutes an independent and adequate state ground; the Court thus does not adopt that finding from the R&R.

permission to proceed in forma pauperis for purposes of appeal is denied.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Clerk of Court is respectfully directed to close this case.


**SO ORDERED.**

**Date:  May 12, 2020**                                                  **VALERIE CAPRONI**
     **New York, New York**                              **United States District Judge**